509 So.2d 377 (1987)
R.E. DAILEY COMPANY and CNA Insurance Company, Appellants,
v.
Donald DORMAN, Appellee.
No. BM-252.
District Court of Appeal of Florida, First District.
June 30, 1987.
Bernard J. Zimmerman and Brian B. Bolton of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
*378 B.C. Pyle, Orlando, for appellee.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order awarding temporary partial disability (TPD) benefits from September 6, 1982 until March 14, 1983, and wage-loss benefits from March 14, 1983 until claimant's wages reached his preinjury level. We affirm in part and reverse in part.
Appellant has raised three issues on appeal. We direct our discussion to the limited question of whether the claimant was entitled to wage-loss benefits or TPD benefits for the time (1) he spent in jail, and (2) for the time he received workers' compensation benefits from another carrier.
The record reflects that claimant was sentenced to 30 days in jail and received workers' compensation benefits from another carrier for approximately two to four weeks during the period of time that claimant was found to be entitled to wage-loss benefits or TPD benefits.
In Bekins Van Lines v. Johnson, 414 So.2d 1189 (Fla. 1st DCA 1982), this court affirmed an award of temporary total disability benefits for a period of time during which claimant was in prison, finding the award was supported by competent, substantial evidence. However, Johnson is inapplicable to the instant case. In Johnson, the court noted that Section 440.15(9), Florida Statutes (1983) [now Section 440.15(8), Florida Statutes], applies to claimants who are permanently totally disabled (PTD).
We note that Section 440.15(9), Florida Statutes (1983), which precludes compensation benefits to PTD claimants who are incarcerated unless the claimant has a person or persons dependent upon him, is not applicable here since at issue are TPD and wage-loss benefits. However, Sections 440.15(4)(a) and 440.15(3)(b)1., Florida Statutes, provide that TPD benefits and wage-loss benefits shall be based on actual wage loss, and the claimant has the burden of demonstrating inability to obtain employment or to earn as much as he earned at the time of his industrial accident due to the physical limitation caused by the industrial accident.
We reverse the award of benefits during the time claimant was incarcerated, as claimant clearly could not conduct a work search during that time, and there is no showing that claimant's loss of income was caused by the industrial accident.
We remand for the deputy commissioner to reconsider the award of benefits during the time claimant received benefits from another carrier. Both Sections 440.15(4)(a) and 440.15(3)(b)1 require benefits to be "based on actual wage loss." Since claimant was paid workers' compensation as a result of an industrial accident and those payments were in lieu of his wages (which would have been considered), the compensation benefits he received should be treated the same as wages.
Accordingly, we affirm in part, reverse in part, and remand for the deputy commissioner to eliminate TPD or wage-loss benefits for the time claimant was in jail and to reconsider the award of benefits during the time claimant received benefits from another carrier.
BOOTH, C.J., and JOANOS and NIMMONS, JJ., concur.