WIGGINTON, Judge.
Appellant appeals the deputy commissioner’s denial of his claim for additional wage-loss benefits. The denial was based on the ground that the claim is barred by section 440.15(3)(b)3.a., Florida Statutes (1981), which provides that the right to wage-loss benefits terminates at the end of any two-year period commencing at any time subsequent to the month in which the injured employee reaches the date of maximum medical improvement, unless during the two-year period, wage-loss benefits shall have been “payable” during at least three consecutive months. We reverse.
During two or three months of the two-year period relied upon by appellee and the deputy commissioner in calculating the applicability of section 440.15(3)(b)3.a. in this case, appellant was incarcerated and thus was unable to demonstrate a loss of wage-earning capacity resulting from his work-related injury. In light of this Court’s opinion in Monroe Furniture Company v. Bonner, 509 So.2d 1264 (Fla. 1st DCA 1987), we are compelled to find that during the months in which appellant was incarcerated, the running of the two-year period under section 440.15(3)(b)3.a. was tolled. Consequently, the record does not show that a two-year period expired under section 440.15(3)(b)3.a. and, therefore, the deputy commissioner erred in denying appellant’s claim on the basis of that statute.
We certify to the supreme court the following question:
DOES A TERM OF INCARCERATION AFFECT THE RUNNING OF THE *684 TWO-YEAR PERIOD SET FORTH IN SECTION 440.15(3)(b)3.a., FLORIDA STATUTES (1981)?
REVERSED.
BOOTH, J., concurs.
BARFIELD, J., dissents with written opinion.