McDonald, justice.
The First District Court of Appeal has certified this case to us with the attendant question:
Does a term of incarceration affect the running of the two-year period set forth in section 440.15(3)(b)3.a., Florida Statutes (1981)?
Waddell v. USS Agri-Chemicals, 523 So.2d 683, 683-84 (Fla. 1st DCA 1988).[1] Because it had done likewise in Monroe Furniture Company v. Bonner, 509 So.2d 1264 (Fla. 1st DCA 1987), the district court held that the months of Waddell’s incarceration tolled the running of the two-year period under subsection 440.15(3)(b)3.a.[2] *112 and that the deputy commissioner erred in denying Waddell’s claim.
In effect, therefore, we review Bonner. There is, however, a factual difference in the claims of Bonner and Waddell. Bonner was incarcerated in excess of two years and received no wage-loss benefits for over two years because a prisoner is not entitled to wage-loss benefits during the time he is incarcerated. R.E. Dailey Co. v. Dorman, 509 So.2d 377 (Fla. 1st DCA 1987). Waddell worked part of the two years in question at a wage greater than the wage he received at the time of his injury, but he lost that job.[3] He thereafter served a few months in jail, looked for work after discharge, sought wage-loss benefits, and received an award for the last two months of his two-year period, but came up one month short of receiving benefits for three consecutive months during a two-year period.[4]
Be that as it may, the underlying principle is the same in the two cases, i.e., what effect, if any, should incapacity to conduct a job search (which is a condition of obtaining wage-loss benefits) because of incarceration have on the application .of subsection 440.15(3)(b)3.a. It is not a question of tolling, but rather whether the claimant can show he would have qualified for the payments, but was unable to collect them because of his incarceration. The burden should be on the claimant to demonstrate that, but for the incarceration, he would have qualified for the benefits during the time of incarceration had he been able to conduct a job search. See United Riggers Erectors v. Industrial Commission, 131 Ariz. 258, 640 P.2d 189 (App. 1981). Waddell should be afforded an opportunity to prove that, but for his incarceration, he would have been entitled to receive wage-loss benefits for a continuing three-month period during the last two years in question.
Having answered the certified question as set forth above, we direct the district court to formulate the proper remand to the deputy commissioner.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. We have jurisdiction pursuant to art. V, § 3(b)(4), Fla. Const.

. This statute reads:
*112 3. The right to wage-loss benefits shall terminate:
a. As of the end of any 2-year period commencing at any time subsequent to the month when the injured employee reaches the date of maximum medical improvement, unless during such 2-year period wage-loss benefits shall have been payable during at least 3 consecutive months;

. Apparently, he was fired for being drunk on the job.

. Waddell argues that the time is miscalculated and that he had at least one more month he could show entitlement to during a two-year period and, hence, would have had a three-month continuing payment that would exempt him from the two-year rule. We disagree with him on this contention.