LARRY JONES v DEPARTMENT OF CORRECTIONS

Docket No. 117061. Submitted February 22, 1990, at Lansing. Decided
April 19, 1990.

In 1981, Larry D. Jones, while an employee of the Michigan
Department of Corrections, was injured in the course of his
employment. Jones sought workers' disability compensation
benefits. In 1982, a hearing officer found Jones to be partially
disabled, but found insufficient proofs to make a finding rela-
tive to any dependents of Jones. Both Jones and the Depart-
ment of Corrections appealed. On January 8, 1988, the Work-
ers' Compensation Appeal Board affirmed the hearing officer's
determination as to partial disability, but amended the deter-
mination with respect to certain claimed dependents. The
department refused to pay benefits. Jones filed a petition in
Ingham Circuit Court seeking enforcement of the appeal
board's decision against the Department of Corrections and the
Michigan Accident Fund. The defendants moved for summary
disposition on the basis that Jones had been incarcerated for
the entire period from the date of the appeal board's decision.
The trial court, James T. Kallman, J., granted the motion for
summary disposition. Jones appealed.

The Court of Appeals *held:*

The 1985 amendment relieving employers from paying bene-
fits for periods in which partially disabled claimants are un-
available for work because of imprisonment is applicable even
where, as here, the injury causing the disability occurred prior
to the effective date of the amendment.

Affirmed.

WORKERS' COMPENSATION — AVAILABILITY FOR WORK — INCARCERA-
TION — RETROACTIVITY.

The 1985 amendment of the Workers' Disability Compensation
Act making an employer not liable for compensation benefits of
a partially disabled employee during such periods that the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 340, 360, 364.
Workers' compensation: incarceration as terminating benefits. 54
ALR4th 241.

disabled person is unable to perform work because of imprisonment precludes the payment of benefits for any period of incarceration after the July 30, 1985, effective date of the amendment, even where the injury causing the partial disability took place prior to the effective date of the amendment (MCL 418.361[1]; MSA 17.237[361][1]).

Larry D. Jones, in propria persona.

*Anderson, Green, Ingram & Anderson, P.C.* (by *David L. Ingram*), for defendants.

Before: NEFF, P.J., and MACKENZIE and JANSEN, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendants. We affirm.

Plaintiff was injured in 1981 while employed by the Michigan Department of Corrections (hereinafter defendant) and sought workers' compensation benefits. In 1982, a hearing officer found plaintiff to be partially disabled, but found insufficient proofs to make a finding as to plaintiff's dependents. Both parties appealed. On January 8, 1988, the Workers' Compensation Appeal Board mailed a decision affirming the determination of partial disability and finding sufficient proofs to make a determination as to plaintiff's dependents.

It is undisputed that defendant has not paid plaintiff workers' compensation benefits since the date of the appeal board's decision. On September 1, 1988, plaintiff filed a petition in the circuit court pursuant to MCL 418.863; MSA 17.237(863) requesting the court to order defendant to pay workers' compensation benefits as of January 8, 1988, plus penalties.

Defendant responded with a motion for sum-

mary disposition. Defendant asserted that prior to the issuance of the appeal board's decision, plaintiff was incarcerated in a state prison and that he remained incarcerated. Plaintiff did not dispute this assertion. Indeed, he identified himself with a prisoner number and listed his address as the state prison in Marquette.

Effective July 30, 1985, an employer shall not be liable to a partially disabled worker for compensation for such periods of time that the employee is unable to perform work because of imprisonment. MCL 418.361(1); MSA 17.237(361)(1). Consistent with *Franks v White Pine Copper Division,* 422 Mich 636, 668-669; 375 NW2d 715 (1985), we are satisfied that this section applies to compensation for injuries, such as plaintiff's, which predate the provision's effective date.

Summary disposition under MCR 2.116(C)(10) is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Here, it is undisputed that the appeal board awarded plaintiff workers' compensation benefits for his partial disability on January 8, 1988. It is also undisputed that plaintiff has been incarcerated since before January 8, 1988. MCL 418.361(1); MSA 17.237(361) (1) declares that an employer is not liable for compensation while a partially disabled worker is incarcerated. It follows that defendant was entitled to summary disposition as a matter of law. We therefore reject plaintiff's contention that the trial court erred in refusing to order defendant to pay benefits as of January 8, 1988.

Our resolution of the above question makes it unnecessary to consider the parties' remaining arguments.

Affirmed.