WOLF, Judge.
Tauben appeals from a final order of the judge of compensation claims (JCC) finding that his claims for compensation, medical care and treatment were time barred by section 440.19, Florida Statutes. We find that the order of the JCC failed to adequately address this issue, and reverse and remand.
The case of USS Agri-Chemicals v. Wad-dell, 537 So.2d 111 (Fla.1989), holds that when a person is incarcerated and a statute of limitations defense is asserted, the JCC must determine whether the claimant would have qualified for compensation benefits if he had not been incarcerated. We see no reason not to apply this rule to employer-furnished medical treatment.
In this case, the claimant was incarcerated for a substantial portion of the two years immediately after the last medical attention furnished by the employer. Claimant received medical attention while in prison, which he asserts was related to his compen-sable injury. Immediately upon his release from custody, claimant sought compensation benefits and medical treatment. The carrier denied these claims based on the statute of limitations. The JCC upheld this determination, but never specifically addressed the test set forth in USS Agri-Chemicals, supra. This was error.
Reversed and remanded for application of the USS Agri-Chemicals test.
ZEHMER, C.J., and MINER, J., concur.