This appeal, following in the footsteps of E.I. Dupont de Nemours & Co. v. Commonwealth, 65 Mass. App. Ct. 350 (2005) (Dupont), concerns a petition by Salem Hospital, a self-insurer,[3] for reimbursement of certain benefits paid to an employee under G. L. c. 152, § 37. Section 37 generally requires an insurer or a self-insurer to pay workers’ compensation benefits to a previously impaired employee who suffers a subsequent work-related injury — a so-called “second injury” — if the second injury “results in a disability that is substantially greater by reason of the combined effects of such impairment and subsequent personal injury.” G. L. c. 152, § 37, as amended by St. 1973, c. 855, § 2. To encourage employers to hire or continue to employ impaired workers who may be at greater risk of subsequent injury, § 37 also provides that insurers or self-insurers who make workers’ compensation payments under this section “shall be reimbursed [for a certain percentage of the payments made] by the state treasurer from the [workers’ compensation] trust fund.” G. L. c. 152, § 37, as amended by St. 1950, c. 527. See Aetna Life & Cas. Ins. Co. v. Commonwealth, 50 Mass. App. Ct. 373, 375-377 (2000).
But to be eligible for reimbursement from the trust fund, the self-insurer must participate in the trust fund. Before December, 1991, participation in the fund was mandatory. In that month, however, the Legislature enacted a number of amendments to c. 152; one of those changes was that self-insurers could, if they chose to do so, file a notice of nonparticipation, that is, self-insurers can now “opt out” of the fund. That choice comes at a price: “No reimbursements from the Workers’ Compensation Trust Fund [including reimbursements otherwise available under § 37] shall be made ... to any non-insuring public employer, self-insurer or self-insurance group which has chosen not to participate in the fund as hereinafter provided.” G. L. c. 152, § 65(2), inserted by St. 1991, c. 398, § 85,[4] The hospital is a self-insurer that has opted out of the fund.
In Dupont, supra, the employer, as self-insurer, filed on April 6, 1993, a notice of nonparticipation, which became effective on July 1, 1994.[5] After the notice had been filed, but before it became effective, the employee, on May 5, *891 1993, suffered his § 37 “second injury.” Dupont, 65 Mass. App. Ct. at 350-351. The self-insurer therefore argued that because its notice did not become effective until after the employee’s accident, § 65(2)’s “no reimbursement” mandate did not bar its claim for reimbursement. This court did not agree, holding that filing the notice of nonparticipation was the critical act, evincing as it does the self-insurer’s “decision to opt out of the trust fund’s mechanism of assessments and reimbursements as of the date it files the notice of nonparticipation.” Id. at 353. The court relied on the plain meaning of the statutory language. It also emphasized that the “method of funding the trust fund, through annual assessments based on anticipated payments, constitutes essentially a ‘pay-as-you-go’ system. Accordingly, the filing of a notice of nonparticipation is a clear indication that an employer will not enter the next cycle of assessment.” Id. at 354-355. We therefore concluded “that at the time of filing the notice of nonparticipation, an employer has disengaged from the trust fund’s reimbursement mechanism and cannot be reimbursed for an employee’s subsequent injury.” Id. at 355.
In the present case, unlike in Dupont, the employee was injured before the hospital filed its notice of nonparticipation. In fact, when the employee suffered her second injury, the versions of §§ 37 and 65 in effect did not provide for an opt-out option. The parties stipulated below that, at some date before August, 1991, the employee, a nurse working at the hospital, suffered a back injury. The parties agree that this injury constituted a “known physical impairment” within the meaning of § 37. In August, 1991, the employee again suffered an injury to her back, this time requiring surgery and rendering her unable to perform her regular nursing duties. As noted, c. 152 was amended in December, 1991, and sometime thereafter the hospital filed its § 65(2) notice of nonparticipation (which became effective on July 1, 1992). The employee received certain compensation from the hospital for her § 37 “second injury” in a lump sum payment in November, 1995. The hospital claims to be entitled, under § 37, to reimbursement from the fund for these payments in the amount of about $65,000.
In its decision affirming the administrative judge, the reviewing board cogently reasoned:
“General Laws c. 152, § 2A, provides that amendments increasing or decreasing compensation payable to an injured employee shall be deemed substantive and applicable only to injuries occurring on or after the effective dates of such amendments, unless otherwise provided. All other amendments are deemed procedural and apply to injuries regardless of their date of occurrence. Section 107 of chapter 398 provides, except as specifically provided by sections 103 through 106, that all sections of the act shall be deemed to be procedural in character, for purposes of c. 152, § 2A. Section 65(2) was effected by section 85 of chapter 398. The Legislature did not designate § 85 as substantive in sections 103 through 106. Therefore, the plain language of § 107 indicates that the Legislature intended § 65(2) to be a procedural provision, having ‘application to personal injuries irrespective of the date of their occurrence.’ G. L. c. 152, § 2A. See Connolly’s Case, 418 Mass. 848, 850-851 (1994). . . .”
We agree that the Legislature expressly deemed § 65 to be a procedural *892 provision and therefore applicable to personal injuries irrespective of their date of occurrence. The language of § 65 is also clear and unequivocal: “No reimbursement . . . shall be made to any . . . self-insurer . . . which has chosen not to participate in the fund.” Additionally, the system is pay-as-you-go; so the self-insurer, by opting out, is not paying into the system during the year in which the injury is being compensated. Finally, the self-insurer did not have to opt out, but rather chose to do so. For all these reasons, we conclude that the self-insurer is not entitled to reimbursement pursuant to § 37.
Andrew S.A. Levine for the defendants.
Robert L. Quinan, Jr., Assistant Attorney General, for Workers’ Compensation Trust Fund.

Decision of the reviewing board affirmed.

Ordinarily, Massachusetts employers are required to purchase workers’ compensation insurance. They may, however, elect, pursuant to G. L. c. 152, § 25A, to self-insure.

The amendment adding this provision was approved on December 23, 1991, and became effective immediately by an emergency declaration filed on December 24, 1991.

Under the statute, a notice of nonparticipation filed after March 1 of any given year does not become effective until July 1 of the following year. See G. L. c. 152, § 65(2), par. 3.