322 P.2d 372

Fred A. GALLO, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, and Arizona Service Company, Respondents.

No. 6380.

Supreme Court of Arizona.

March 5, 1958.

Alan Philip Bayham, Phoenix, for petitioner.

Robert K. Park, Phoenix, John R. Franks, Donald J. Morgan, and James D. Lester, Phoenix, of counsel, for respondent Industrial Commission of Arizona.

JOHNSON, Justice.

On March 17, 1949, petitioner sustained personal injury arising out of and in the course of his employment which consisted of a brain injury, broken left shoulder blade and a wrenched back.

On August 30, 1950, the Commission entered a finding and award that petitioner had sustained a permanent partial disability of fifteen per cent loss of earning capacity, and awarded compensation in the monthly sum of $17.16. This award became final without protest. Thereafter, petitioner sustained twelve additional accidents while employed by various employers, all of which were accepted as compensable. Four of the twelve subsequent accidents resulted in compensable loss of time; and three times the Commission affirmed the award of August 30, 1950. But on the fourth, on June 15, 1956, the Commission entered an order terminating the benefits for permanent partial disability awarded on August 30, 1950. The Commission, on November 13, 1956, after rehearing, entered its order affirming the termination order of June 15, 1956, based on the following findings:

"1. That applicant's average monthly wage prior to said injury by accident on March 17, 1949, has previously been established at $208 and that said finding is final, res judicata and binding upon all parties hereto.

"2. That applicant's average monthly wage at the time of said injury by accident on March 7, 1956, was the sum of $280.13 and this Commission specifically finds that said average monthly wage was a true and accurate indication of applicant's earning capacity.

"3. That on March 7, 1956, applicant was no longer suffering any loss of earning capacity attributable to said accident of March 17, 1949.

"4. That said accident of March 7, 1956, did not result in any permanent residual disability.

"5. That on May 11, 1956, all benefits payable under the August 30, 1950 award, were suspended until final evaluation was held of Case No. AN 5277.

"6. That applicant is no longer suffering any loss of earning capacity attributable to injury by accident on March 17, 1949, and this Commission specifically finds that the compensation for permanent partial disability awarded on August 30, 1950, should be terminated.

"7. That said applicant was fully compensated from and after March 7, 1956, for all temporary disability suffered as a result of said injury on that date."

This case is before us on a writ of certiorari.

At the time petitioner sustained the original injury § 56–957(c) and (d), A.C.A.1939, A.R.S. § 23–1044, was in effect and provided:

"(c) In cases not enumerated in subsection (b), where the injury causes partial disability for work the employee shall receive, during such disability, compensation equal to fifty-five (55) per cent of the difference between his average monthly wages before the accident and the monthly wages he is able to earn thereafter, but the payment shall not continue after the disability ends, or the death of the injured person, and in case the partial disability begins after a period of total disability, the period of total disability shall be deducted from such total period of compensation.

"(d) In determining the percentage of disability, consideration shall be given, among other things, to any previous disability, the occupation of the injured employee, the nature of the physical injury, and the age of the employee at the time of the injury. In case there is a previous disability, as the loss of one eye, one hand, one foot, or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

In 1949 Justice Phelps, speaking for a unanimous court, in Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217, 231, in order to clarify existing confusion concerning the powers and duties of the Commission in compensation cases, made certain pronouncements, inter alia:

"1. That the commission retains jurisdiction of all compensation cases for the purpose of altering, amending, or rescinding its findings and awards at the instance of either the workman, the insurer or the employer (a) upon showing a change in the physical condition of the workman subsequent to said findings and award arising out of said injury resulting in the reduction or increase of his earning capacity; (b) upon a showing of a reduction in the earning capacity of the workman arising out of said injury where there is no change in his physical condition, subsequent to said findings and award; (c) upon *a showing that his earning capacity has increased subsequent to said findings and award.*" (Emphasis supplied.)

The Commission's finding and award of August 30, 1950, incorporated the foregoing pronouncement from the Steward decision.

In 1953 the legislature amended § 56–957, A.C.A.1939, now A.R.S. § 23–1044F, which provides:

"For the purposes of subsection C of this section, the commission shall, not later than nine months from the time the physical condition of the injured employee becomes stationary, determine the amount which represents the reduced monthly earning capacity, and upon such determination make an award of compensation *which shall be subject to change only in the event of a subsequent change in the physical condition of the injured employee resulting from the injury and affecting his earning capacity."* (Emphasis supplied.)

▇▇▇▇▇ Section 56–957, supra, was in effect at the time the Commission entered the original award, and A.R.S. § 23–1044 F was in effect at the time the Commission entered the termination order on November 13, 1956. Petitioner contends the amending statute is procedural and should be construed as acting retroactively. We do not agree with this contention as the amendment affects vested rights and is substantive legislation. A.R.S. § 1–244 provides:

"No statute is retroactive unless expressly declared therein."

We have held a statute will have prospective operation only, unless it plainly indicates an intent that it have retroactive effect. Employment Security Commission of Arizona v. Arizona Citrus Growers, 61 Ariz. 96, 144 P.2d 682; cf. Rodriquez v. Terry, 79 Ariz. 348, 290 P.2d 248. Therefore, the jurisdiction of the Commission to alter, amend, or rescind awards for unscheduled permanent partial disabilities in cases where the injury occurred prior to the effective date of the 1953 amendment to the Workmen's Compensation Act, now A.R.S. § 23–1044F, is governed by the prior statute.

Petitioner further contends if the prior statute controls, and we so hold, then the Commission erred in entering its termination order of November 13, 1956, based solely on a finding that petitioner's average monthly wage was increased from $208 in March of 1949 to $280.13 in March of 1956, without evidence of a subsequent change in physical condition.

The Commission admits it was aware of the decision of this court in Whyte v. Industrial Commission, 71 Ariz. 338, 227 P.2d 230, 235, when it entered its order terminating the compensation benefits of petitioner. The Commission, prior to its decision upon rehearing and order terminating benefits entered on November 13, 1956, entered a memorandum dated October

17, 1956, which set forth, inter alia, the following:

"A second matter to be considered, with respect to the decision whether or not the applicant in the present case is suffering any reduced earning capacity as a result of the 1949 injury, is of an economic nature. With a condition of spiralling wages it is not at all unusual to find injured claimants presently earning more that the average monthly wage established at time of injury solely because of the current economic trend. That problem is one of vital importance, and one which must be considered by the Commission in any decision on current earning capacity as compared to earning capacity in 1949, or in any other year subsequent to which wages have increased. The observation in this regard is not limited solely to the instant case, of course, but would apply to all cases of this nature."

The foregoing statement is a mere recitation by the Commission that it is cognizant of the fact that it is not unusual to find injured claimants presently earning more than the average monthly wage established at time of injury, solely because of the current economic trend, and it is not a compliance with the pronouncement of this court in the Whyte case, supra, where we stated:

"* * * The authorities seem to agree that the employee in common with all others must bear the loss resulting from a business depression. It follows as a necessary corollary thereto that the employee in common with all others is entitled to the enjoyment of benefits resulting from general wage increases due to eras of great prosperity in the nation. Therefore a reduction or increase in earning capacity occasioned by general business conditions and not due to the injury cannot be considered by the commission as a basis for fixing or adjusting the compensation of an injured employee.

"This interpretation is in complete harmony with the rule in Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217, to the effect that compensation may be adjusted upward when there is shown to be a loss in earning capacity due solely to the *injury* sustained or adjusted downward when the earning capacity has increased due solely to the increased efficiency or ability of the injured person. The use of the term 'earning capacity' as used in the Steward case and as defined in the instant case excludes the consideration by the commission of any increase or decrease in wages due solely to business booms or depressions. The findings of the

commission as to the loss of earning capacity and the award based thereon is res judicata and can only be adjusted upward or downward when there is shown to be either a change in the physical condition of the injured employee or a change in earning capacity by reason of the conditions above mentioned."

■ The Commission's order terminating benefits entered on November 13, 1956, was based solely on the economic trend without any evidence being presented to support a finding of a change in earning capacity due to a change in physical capacity of the petitioner or that the increased earning capacity was due solely to the increased efficiency or ability of petitioner. In determining increased earning capacity the Commission must exclude any increase or decrease in wages due solely to business booms or depressions.

■ Although the Commission's order of November 13, 1956, terminating benefits awarded petitioner on August 30, 1950, was designated an "order" it had the legal effect of an award as defined in O'Neill v. Martori, 69 Ariz. 270, 212 P.2d 994.

For the foregoing reasons the order of November 13, 1956, terminating benefits, is set aside.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.