NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NATHAN L.,
*Appellant,*

v.

DEPARTMENT OF CHILD SAFETY, A.L., R.L.,
*Appellees.*

No. 1 CA-JV 21-0288
FILED 3-22-2022

Appeal from the Superior Court in Maricopa County
No. JD38903
The Honorable Julie Ann Mata, Judge

**AFFIRMED**

COUNSEL

Thomas Vierling Attorney at Law, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

**¶1**        Nathan L. appeals the juvenile court's order terminating his parental rights.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Nathan L. ("Father") and Robin B. ("Mother")[1] are the parents of A.L. and R.L. (collectively, "the Children").  The Department of Child Safety ("DCS") learned of reports of domestic violence in Mother's home, where the Children were living.  The Children reported to DCS that Mother and her boyfriend had been in multiple physical altercations and, during one incident, Mother's boyfriend grabbed A.L. by the neck and pushed him after A.L. intervened.  DCS discovered that Father had not had contact with the Children in over a year.  The Children reported that they were afraid of Father because he had verbally abused them, used unusual punishments, and had hit A.L. on multiple occasions.

**¶3**        DCS filed a dependency petition in January 2020, to which Father pled no contest, and the juvenile court subsequently adjudicated the Children dependent.  In April 2021, DCS moved to terminate Father's parental rights on the grounds of willful abuse under A.R.S. § 8-533(B)(2) and fifteen months in an out-of-home placement under A.R.S. § 8-533(B)(8)(c).

**¶4**        A DCS case manager, Father, and Father's wife testified at a termination hearing in September 2021.  After the hearing, the court terminated Father's parental rights.  The court found that DCS proved the abuse ground, but not the fifteen months in an out-of-home placement ground, by clear and convincing evidence, and that termination of Father's parental rights was in the Children's best interests by a preponderance of the evidence.

---

[1]        Mother is not a party to this appeal.

**¶5**        Father timely appealed and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶6**        On appeal, Father argues the juvenile court erred in finding that DCS proved the abuse ground for termination but does not contest the court's best interests finding.  We review a termination order for an abuse of discretion.  *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

**¶7**        A parent's right to custody and control of their children is fundamental but not absolute.  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶¶ 11-12 (2000).  The juvenile court may terminate a parent's rights if it finds "by clear and convincing evidence" that "'the parent has neglected or willfully abused a child'" and "by a preponderance of the evidence that severance is in the child's best interests."  *Sandra R. v. Dep't of Child Safety*, 248 Ariz. 224, 227, ¶¶ 12-13 (2020) (quoting A.R.S. § 8-533(B)); *see also* Ariz. R.P. Juv. Ct. 66(C).

**¶8**        Abuse "includes serious physical or emotional injury or situations in which the parent knew or reasonably should have known that a person was abusing or neglecting a child."  A.R.S. § 8-533(B)(2).  However, abuse is not limited to serious physical or emotional injury and termination based on abuse does not require "a showing of serious physical or emotional injury" or "the diagnosis of a medical doctor or psychologist."  *E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 59, ¶ 15 (App. 2015).  DCS need not prove that each child was abused but must show by clear and convincing evidence that abuse of one child "supports a finding of risk of harm to non-abused children."  *Sandra R.*, 248 Ariz. at 230, ¶ 26.

**¶9**        As the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts."  *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (citation omitted).  Accordingly, we view the facts in the light most favorable to sustaining the court's decision, *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12 (App. 2007), and will affirm the termination order unless "no one could reasonably find the evidence supporting statutory grounds for termination to be clear and convincing," *Donald W. v. Dep't of Child Safety*, 247 Ariz. 9, 17, ¶ 25 (App. 2019) (quoting *Jordan C.*, 223 Ariz. at 93, ¶ 18).

**¶10**        Here, DCS presented sufficient evidence that Father willfully abused the Children.  The juvenile court heard evidence that Father hit A.L.

3

on multiple occasions, twisted his nipples, and, on one occasion, choked him. The DCS case manager also testified that Father used unusual punishments, such as making the Children do squats for long periods of time, was verbally abusive to both Children, and called them names.

¶11 Regarding R.L., the superior court did not clarify in its order whether it found the evidence supported a finding that R.L. was abused or whether the evidence of physical abuse to A.L. supported a finding of risk as to R.L. *See Sandra R.*, 248 Ariz. at 230, ¶ 26. However, the superior court cited the proper standards from *Sandra R.*, A.R.S. § 8-533(B)(2), and A.R.S. § 8-201(2), and both findings are adequately supported by the record. *See State v. Williams*, 220 Ariz. 331, 334, ¶ 9 (App. 2008) ("Trial judges are presumed to know the law and to apply it in making their decisions." (citation omitted)). DCS presented evidence of the Children's reports to DCS that Father was verbally and emotionally abusive. Further, DCS presented evidence that Father physically abused A.L. in R.L.'s presence, as R.L. was able to confirm Father's abuse of A.L., and R.L. was afraid of Father.

¶12 DCS also introduced reports of a January 2020 DCS team decision-making meeting. The reports document a verbal altercation between Father and A.L., where Father used "shaming and blaming language" towards Mother and stated that he did not know why he was at the meeting because he did not want the Children. According to the reports, the Children appeared "visibly upset," were "asked to the leave the room" and, once they left, R.L. threw up and A.L "stated 'don't beat me' as if he was scared."

¶13 Although Father denies the allegations of abuse, the juvenile court was not required to accept his testimony. *See In re James P.*, 214 Ariz. 420, 425, ¶ 24 (App. 2007) (noting "[t]he juvenile court is in the best position to assess witness credibility"); *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82, ¶ 16 (App. 2005) (noting that "conflicts in the evidence are for the fact-finder to resolve"). Further, Father admitted that he would make the Children do squats as punishment, though he claimed it was not for long periods of time. He also acknowledged that he called the Children names and may have caused them emotional issues. Additionally, Father's wife testified that Father previously had anger issues that impacted his relationship with A.L. and R.L. and was "verbally abusive" to the Children. Viewing the facts and evidence in the light most favorable to upholding the juvenile court's decision, *Christy C.*, 214 Ariz. at 449, ¶ 12, the juvenile court did not abuse its discretion in terminating Father's parental rights.

**CONCLUSION**

¶14        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA